85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FIRST HOME SAVINGS ASSOCIATION, Plaintiff-Appellee,
and
Paul Javarras and Kailash Prassad, Intervening Plaintiffs-Appellees,
v.
Sylvia L. WILLIAMS, formerly known as Sylvia L. Moore,
Defendant-Appellant.
 No. 95-3796.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 10, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Under diversity jurisdiction, Plaintiff First Home Savings Association ("First Home") moved to foreclose the mortgage on Defendant Sylvia Williams' house. The proceeding was stayed after Williams filed for bankruptcy, and eventually was reinstated on October 11, 1994, after the bankruptcy proceeding terminated. On February 19, 1995, the district court granted First Home's motion for default judgment and ordered Williams' home to be sold at auction on May 18, 1995. Williams filed for bankruptcy on May 17, and the sale was postponed until July 13, 1995.
 
 
 2
 In the interim, Williams claims that she found a buyer for her house and contacted First Home's attorneys in mid-to-late June to procure a payoff letter good until August 1 to close the sale. According to Williams, First Home's attorneys delayed. The payoff letter was received on July 7, 1995, and Williams scheduled a closing for July 17. At the closing, Williams learned that the house was sold at auction on July 13. She then moved for the first time on August 3, 1995, to set aside the default judgment and the sale claiming that First Home agreed to allow Williams to redeem her home, delayed Williams' attempt to sell it, and then improperly sold the home at auction. The district court denied Williams' motion.
 
 
 3
 On appeal Williams argues that the district court erred by not granting her equitable estoppel. Her brief, however, fails to develop the legal theory justifying equitable estoppel, does not discuss the impact of filing her motion to set aside the default judgment after the sale, and does not cite any relavant authority. See Fed.R.App.P. 28(a)(6) (requiring appellants to cite to authorities in support of their arguments). The one cite contained in her brief, in her statement on jurisdiction, erroneously attributes the jurisdiction of the district court to 28 U.S.C. § 1348 rather than to 28 U.S.C. § 1332. Appellant's argument consists of a mere page and a half conclusion that the district court erred. Rule 28(a)(6) "plainly requires more than a one page argument unsupported by any authority. An appellant must not only raise issues in his brief, he must present them in a professional fashion." John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 498 U.S. 821 (1990) (citations omitted). The penalty for a perfunctory appeal is dismissal. Id.
 
 
 4
 DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)